OLIVE, KING & WILSON vs. ALTER, NEWMAN & HAYS.

1. A bond may be discharged, when performance is prevented by the act of God, the obligee, or the law.

## ERROR to St. Louis Court of Common Pleas.

### STATEMENT OF THE CASE.

This was an action of debt by the plaintiffs in error against the defendants in error. The declaration contained two counts. The first count recites, that on the 21st of April, 1843, the plaintiffs, as complainants, had filed in the St. Louis circuit court a bill in chancery against the defendant, Alter, and one Hubbard, a copy of which bill is contained in the count; from which it appears that the complainants had a mortgage upon the steamboat "Inda," made by Hubbard to secure a large debt to them; that Hubbard was to keep the boat insured for their benefit. That a large portion of the mortgage debt was due and unpaid, and that Hubbard had failed to keep the boat insured. That the defendant, Alter, had by some means obtained possession of the boat, and was navigating the Mississippi with her, at great risk of sinking her. That Alter was entirely insolvent, and Hubbard, also. That the boat was then at St. Louis, and that the plaintiffs had demanded the possession of her from Alter—that they might sell her in satisfaction of the mortgage debt; but that Alter had refused to surrender the possession, and was then on the eve of removing the boat to New Orleans, out of the jurisdiction of the court, and would run the boat in debt so as to create liens upon her in favor of the crew, &c., and praying for a foreclosure of the mortgage, and that in the meantime Alter and Hubbard be restrained and enjoined from removing the boat beyond the jurisdiction of the court, and that the sheriff be directed to seize the boat, and hold her subject to the future orders of the court, unless the defendants would enter into bond with good security, conditioned that they would safely keep the boat, and that they would at all times have her forthcoming in as good order as she then was, to abide any future order of the

Olive, King & Wilson vs. Alter, Newman & Hays.

court. The bill was sworn to by one of the complainants, and being presented to the Hon. B. Mullanphy, then the judge of the St. Louis circuit court in vacation, he endorsed upon the bill an order directed to the clerk of said court, requiring said clerk to let an injunction go, restraining, &c., the going forth of said boat out of the jurisdiction of said court, and the sheriff for that purpose to take it into his possession, unless bond be given by defendants in favor of the complainants, in the sum of $5000, as finally conditioned to abide the event of the said suit, and to say or do whatever might be decreed by said court in that behalf.

But that before the injunction should issue, the complainants, or one of them, should give an injunction bond with Warburton or King as security, in the penalty of six thousand dollars. The count proceeds to aver that one of the complainants gave the injunction bond with security as required, and that thereupon, on filing said bill in the clerk's office of said court, with the judge's order for an injunction indorsed thereon, as aforesaid, there issued from the said office an injunction restraining the said Alter and Hubbard from removing said boat as prayed for, and as required by the order of said judge. That by virtue of said writ of injunction, the sheriff took the said boat into his possession, and detained her until the 24th of April, 1843, when, for the purpose of releasing said boat from custody, and as required by said writ of injunction, the defendant, Alter, as principal, and Ames, Hays & Newman, &c., his securities, entered into bond to the complainants in the sum of five thousand dollars, conditioned that whereas the plaintiffs had before then obtained an injunction issuing from the circuit court of St. Louis, commanding said Alter and Hubbard not to remove said boat, &c., pursuing the terms of the suit of injunction, and providing that if Alter and Hubbard should duly abide the event of said suit, and should pay, do and perform whatever should be decreed in that behalf by said court, then the obligation to be void. The count then avers that the said suit in chancery was removed by change of venue into the St. Louis court of common pleas, in which court such proceedings were had that on the 30th of Oct, 1845, it was decreed by said court that Hubbard pay to the complainants the mortgage debt, with interest and costs, and that unless Hubbard, or some one for him, pay the same on or before the day appointed for sale, as hereinafter provided, the equity of redemption be bound, &c.; and it was further ordered and decreed that Alter immediately surrender the boat to the sheriff, who was appointed commissioner to execute the decree, and that if payment was not made as aforesaid, that the sheriff proceed to take possession of said boat, and if within five days after the seizure of the boat, the mortgage debt was not paid, that the sheriff proceed to sell the boat, &c., in satisfaction of it. The court then proceeded to aver that neither Hubbard, nor any one for him, had paid the mortgaged debt; nor delivered up the boat to the sheriff as required by the decree. On the contrary, that Hubbard, or some one for him, had removed the boat beyond the jurisdiction of the court, so that the sheriff was prevented from taking possession of her, whereby the condition of the bond became forfeited, &c., and an action accrued to the plaintiffs, to demand the $5000—the penalty of the bond.

The second count omits the bill, and all the proceedings prior to the giving of the bond by the defendants; recites the bond and the condition as given in the first count, avers that a decree was rendered as stated in the first count, and the breach is the same. Alter filed no plea. The other defendants filed thirteen pleas.

1st. Non est factum without oath.

2d. That the bond sued upon was obtained of the defendants without any good or valuable consideration.

3d. That after the making of the bond, the consideration wholly failed.

4th. Nul tiel record.

5th. That neither Alter, nor any one holding under him, has removed the boat, and there detained the same, beyond the jurisdiction of the court.

6th That the conditions of said bond have not been broken, as alleged.

7th. That before and at the time of the making of the said bond the said Alter was lawfully possessed of said boat; and being so possessed thereof, the same was afterwards, by sheriff Milburn, by virtue of the said writ in the declaration mentioned, forcibly and illegally

taken from Alter's possession, and forcibly and illegally detained by the sheriff until said defendants named make said bond—wherefore, for the purpose of relieving said boat from custody, and for no other consideration, the defendants made said bond, which is therefore void and of no effect.

8th. But after the making of the bond and before the venue of the suit in chancery was changed, it was ordered by said circuit court that the sheriff of St. Louis county, take into his custody the said boat, to abide the further order and decree of said court, in the said suit in that behalf in the declarations mentioned, and therefore, by virtue of said order, the sheriff did take said boat into his custody, &c.

9th. The same as the last with the further averment that after the change of venue, and before the commencement of this suit, the said boat was released from the custody of the sheriff, by order of the common pleas court, upon a new bond in favor of the plaintiffs being given by said Alter as principal, and Chase, Thornburg and Merrill as securities, in the penal sum of $5000, conditioned that if Alter should well and truly abide by, do and perform the orders and decrees of the said court, made and passed against said Alter & Hubbard, defendants in said suit in chancery—then the obligation to be void; and that from the time of making the bond sued upon, up to the time of making the said last recited bond, the defendants had duly observed, kept and performed the same writing obligatory, and the conditions thereunder written.

10th. That before and at the time of making the bond sued upon, Alter was completely possessed of the said boat, and being so possessed, Sheriff Milburn by virtue of said writ, forcibly and illegally seized upon the boat and detained the same until the defendants would make the bond. Therefore, for the purpose of releasing the boat, and for no other consideration they made the bond. That after the making of the bond, and before the change of venue, it was ordered by said circuit court that the sheriff take into custody the said boat to abide the further order of the court, and thereupon by virtue of said order the sheriff did take into his custody the said boat, and did detain the same until after the change of venue, when said boat by the order of said court of common pleas was released from the custody of the sheriff, upon a new bond in favor of the plaintiffs being given by Alter, Chase & Co., (describing the bond and condition, as in the last plea) and that from the time of making the bond sued upon up to the time of making the last recited bond, the defendants had duly observed the considerations thereof, &c.

11th. That after the rendition of the decree, and before this suit was brought, the said Milburn did in pursuance of said decree, take into his possession the said boat and proceed to sell the same in satisfaction of said decree, &c.

12th. To the second count, same plea as the last.

13th. Nul tiel record to the first count.

The plaintiffs demurred to all the pleas, and the court sustained the demurrer to the 3d, 5th, 6th, 7th, 11th and 12th, and overruled it as to the 1st, 4th, 8th, 9th, 10th and 13th pleas. The plaintiffs thereupon joined issue upon the 1st, 4th and 13th pleas, and to the 8th, 9th and 10th replied to each that the said order of the St. Louis circuit court in said pleas mentioned, requiring the sheriff to take into his possession the said boat to abide the further orders of said court, was made at the instance and on the petition in writing of said defendants, filed in said cause and addressed to said circuit court, and for their security alone, and without the knowlege, sanction or consent of the plaintiffs. To these replications the defendants demurred, and the court sustained the demurrer, and rendered a final judgment upon the demurrer for the defendants. The plaintiffs here brought the case to this court upon writ of error, and allege that the court erred in sustaining the demurrer.

## CROCKET, BRIGGS & HAIGHT, for plaintiffs in error.

I. The bond on which the suit is founded, is a valid bond at common law, whether it be authorized by any statute of this State or not. 2 Stran. 1138; 2 Litt. 310; 2 J. J. M. 416;

---

Olive, King & Wilson vs. Alter, Newman & Hays.

---

Grant vs. Brotherton, 7 Mo. R. 458; Howard vs. Brown, 8 Shep. R. 385; Van Deusen vs. Hayward, 17 Wend. 6n; Ring vs. Gibbs, 26 Wend. 502; Hall vs. Paschall, 5 Iredell 668; Tucker vs. Stokes, 3 Sneeds & M. 134; Hoy vs. Rogers, 4 Mon. 225; Gale vs. Martin, 3 Ala. R. 593; 2 Humph. 500; 4 Iredell 140; 5 Ala. R. 316; Marsh vs. Gold, 2 Pick. R. 285; 3 Call's R. 523; 1 Wash. R. 367; 1 Call R. 249; 1 Black. 358; 2 Stewart's Ala. R. 509, Com. vs. Savage, 2 Dall. 118.

II. That the bond in question is not a bond for ease and favor. To constitute a bond for ease and favor, it must be made to the officers who serve the process. Kavanaugh vs. Saunders, 8 Greenl. 422; Winthrop vs. Duchendorf, 3 Greenl. 156; Baker vs. Haley, 5 Greenl. 240; Wourse vs. Hodsden, 5 Mass. 317; Clapp vs. Copan, 7 Mass. 101; Clausen vs. Shaw, 5 Watts. 468; Lampton vs. Taylor, 5 Litt. 273.

Bond for prison liberties, though not comformable to statute, is good at Com. Law, rest being for ease and favor. Baker vs. Haley, 5 Greenl. 240; 3 ib. 156; 8 Mass. 373.

Though supersedeas bond does not conform to statute, yet if it is effectual to delay the execution, it is valid as a common law bond. Hester vs. Keith, 1 Ala. 316.

III. That bonds for ease and favor are only such as are given to officers who must arrest the person.

This bond not being of that character, does not come within the policy of the rule which declares them void. See cases above cited.

IV. The court had the authority to require such a bond, upon the facts alleged in the bill. Berry & Smith vs. Buckhart, 1 Mo. R. 418.

V. The second bond did not discharge the first. The replication alleges that the record bond was obtained at the instance and for the security of the defendants, and without the knowledge or consent of the plaintiffs. The first bond was a valid contract between the plaintiffs and defendants, of the benefit of which the plaintiffs could not be deprived without their consent. Hoy vs. Rogers, 4 Mon. 227; Gale vs. Martin, 3 Ala. 593, Thompson vs. Buchanan, 2 J. J. M. 418.

VI. The bond if void as against the principal on the ground of duress, is valid against the sureties. 2 J. J. M. 416.

GEYER & DAYTON, attorneys for defendants in error.

I. The original order for the seizure of the vessel was made by the judge of circuit court without authority of law, and the sheriff in executing it was a mere trespasser. The bond was extorted by color of his office, and was for that reason void from the beginning. Love vs. Palmer et al., 7 Q. R. 159. Any substantial deportment from law will vitiate a bond taken by a sheriff. Sullivan vs. Al. 19 Q. R. 233.

II. The seizure of the boat by the sheriff, under the second order of the court, rendered the performance of the condition by the securities impossible, and discharged the obligatee. People vs. Manning, 8 Cowan 299, Holland vs. Boulder, 4 Monr. 147; Badlan vs. Tucker, 1 Peck. 287; Wash. C. C. 15, 95; 7 Mass. 338; 10 Johns. 27; Wilson vs. Stevenson. 2 Call, 213.

III. That the second order was made on the application of the sureties, is no answer to the 8th plea; nor does it change the effect of the order. The securities had a right to surrender the property. Lusk vs. Ramsey, 3 Mumf. 417, and the surrender being made and accepted, is a discharge.

IV. If the securities in the first bond were not fully discharged by the second order, and the re-taking of the boat under it, the discharge was certainly accomplished when the boat was delivered to Alter, upon a new bond with other securities, taking under an express order of the court. First, for the reason that the securities on the first bond were deprived of all authority, the act of the court rendering it impossible for them to deliver the property. Wilson vs. Stevenson, 2 Call. 213. And secondly, because the new bond accepted by the court, as in case of a replevin bond in the same case, releases the security in the first; Brooks & Brown vs. Shepherd, 4 Bibb. 572; Baskell vs. Scott, 5 h Mell. 208.

V. The bond given by the defendants was given under the order of the court, and the bond affirmed by the court. If the court had, in the first instance, the power to seize the bond for the relief of the complainants, certainly it had the power to relieve the defendants from the consequences of an inconsiderate act in the same manner. What claim can the plaintiffs have to any vested right in the bond of the defendants? It was not given under a contract with the plaintiffs, but in course of judicial proceedings, in obedience to an order lying within the discretion of the courts. The courts could, in its discretion, have rescinded the order and released the boat altogether if it deemed any other mode more eligible for securing the rights of the plaintiffs. For this matter of granting or dissolving an injunction, is a matter altogether in the breast of the chancellor, without any supervision of the supreme court.

VI. The bond was delivered to, and accepted by the court unimpaired, and was subsequently released again by the court. There was no breach prior to the surrender by the defendants. The defendants restored to the court, for the benefit of the plaintiffs, all that was taken out of the possession of the court upon the defendants bond.

VII. The complainants only sought, and only had a right to ask an application to the payment of the mortgage debt of the mortgaged property. The mortgaged property was given up to the court, and the court could control it in such manner as it deemed proper for the interest, or necessary for the protection of the parties, and could either hold it in possession or release it upon security. No injury resulted to the complainants from the temporary possession of the mortgaged property by Alter under the defendants bond.

NAPTON, J., delivered the opinion of the court.

This case turns altogether upon the action of the court in sustaining the defendant's demurrer to the plaintiff's replication to the 8th 9th and 10th pleas. This involves the question whether the delivery of the boat into the custody of the sheriff and the taking of the new bond by the court, either singly or together, discharged the defendants; the action of the court having been at the instance of the defendants themselves and without the consent or knowledge of the plaintiffs.

A bond may be discharged, when performance is prevented by an act of God, or of the obligees or of the law.

Here there has been an act of a court, which prevented the defendants from availing themselves of one of the conditions of their bond, and the question is, whether this action of the court is to be regarded as one of those acts of the law which, it is agreed by all authorities, will discharge a contract. That the court had the power to order a new bond, and to cause the boat to be delivered upon such bond, can certainly not be questioned by the defendants, at whose instance this power was exercised. But if the effect of such a proceeding is to deprive the plaintiffs of their prior security, it must result from a power in the court to deprive a party of his rights without notice, against his consent and at the instance of his adversary. The action of the court seems rather to be the act of the parties themselves, and not an act of law which operates without respect to the assent or dissent of the party affected.

Where bonds are taken in conformity to some statute, the statute may also give the courts a power to institute new ones and relieve the security upon the old bonds.   But the bond in this case was a voluntary one, and derived its efficacy from no statute.   We cannot construe the action of the court in allowing a record bond to be given as designed to affect the rights of the obligees in the first, since they had no opportunity of being heard upon the motion, and never assented to the proceedings.

Judgment reversed and cause remanded.